RECEIPT # 51937
AMOUNT $ 150
SUMMONS ISSUED N/A
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK
DATE 11-21-03

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO.

PAMELA SLOT,

      Plaintiff

v.

TOWN OF KINGSTON,

      Defendant

NOTICE OF REMOVAL

03 12356 NG
MAGISTRATE JUDGE Dein

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS:

Now comes the defendant, Town of Kingston (the "Defendant"), pursuant to the provisions of 28 U.S.C. §§1441 and 1446, and hereby files notice of the removal of this action from the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts, County of Plymouth, where it is currently pending, based upon the following grounds:

1. This is an action in which the plaintiff alleges violations of rights secured by the United States Constitution by the defendant, see Complaint (¶15) affixed hereto and incorporated by reference, as well as various state law claims.

2. This Court has jurisdiction over the plaintiff's constitutional claims pursuant to 28 U.S.C. §1331, and the entire case may be removed pursuant to 28 U.S.C. §1441.

3. Removal is timely, as this action was served on the defendant no earlier than October 23, 2003, and the original Notice of Removal was filed on November 21, 2003.

Signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

DEFENDANT,

TOWN OF KINGSTON,

By its attorneys,

_____
Joseph L. Tehan, Jr. (BBO# 494020)
Gregg J. Corbo (BBO# 641459)
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

207459/KING/0164

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on 11/21/03
_____

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPARTMENT OF THE
TRIAL COURT OF THE COMMONWEALTH

PLYMOUTH, ss.

CIVIL ACTION NO. 03-1243B

Pamela Slot ......................................., Plaintiff(s)

vs.

Town of Kingston ..............................., Defendant(s)

SUMMONS

*RECEIVED 2003 OCT 23 P [?] TOWN OF KINGSTON*

To the above-named defendant:

You are hereby summoned and required to serve upon ...Richard D. Vetstein... plaintiff attorney, whose address is ...One Lewis Wharf, Boston, MA 02110..., an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Plymouth either before service upon plaintiff attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff claim or you will thereafter be barred from making such claim in any other action.

Witness, SUZANNE V. DELVECCHIO Esquire, at Plymouth the ...22nd... day of ...October..., in the year of our Lord Two thousand and three.

*[signature]*

CLERK.

**NOTES**
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. To the plaintiff's attorney: please circle type of action involved-Tort-Motor Vehicle Tort-Contract-Equitable Relief-Other.

PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ..................................., 2003, I served a copy of the within summons together with a copy with a copy of the complaint in this action, upon the within-named defendant , in the following manner(See Mass. R. Civ. P. 4(d)(1-5)):........................................................................

Dated:        , 2003..........

N.B.   TO PROCESS SERVER:-
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

| October 23 , 2003 |

*[Left margin: NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office at Plymouth.]*

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) | Trial Court of Massachusetts Superior Court Department County: Plymouth |
|---|---|---|

**PLAINTIFF(S)** Pamela Slot

**DEFENDANT(S)** Town of Kingston

**ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE**
James D. Masterman/Richard D. Vetstein
Masterman, Culbert & Tully LLP
One Lewis Wharf, Boston, MA 02110
Board of Bar Overseers number: 324000/ 637681

**ATTORNEY** (if known)
Deborah Eliason, Esq.
Kopelman & Paige, P.C.
31 St. James Avenue, 7th Fl., Boston, MA 02116

**Origin code and track designation**

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| D13 | Declaratory Judgment | ( A ) | ( X ) Yes   ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ........................... $
2. Total Doctor expenses ............................ $
3. Total chiropractic expenses ....................... $
4. Total physical therapy expenses ................... $
5. Total other expenses (describe) ................... $
   Subtotal $
B. Documented lost wages and compensation to date ..... $
C. Documented property damages to date ............... $
D. Reasonably anticipated future medical and hospital expenses ... $
E. Reasonably anticipated lost wages ................. $
F. Other documented items of damages (describe) ...... $

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

$
TOTAL $

*RECEIVED 2003 OCT 23 P 2:42 TOWN OF KINGSTON*

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____    DATE: 10/21/03

AOTC-6 mtc005-11/99

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS.   SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT   CA03-1243
CIVIL ACTION NO.

RECEIVED
OCT 21 2003
PLYMOUTH SUPERIOR COURT

)
PAMELA SLOT,                )
                            )
        Plaintiff,          )
                            )   **COMPLAINT**
v.                          )
                            )
TOWN OF KINGSTON            )
                            )
        Defendant.          )
_____)

RECEIVED 2003 OCT 23 P 2: 42 TOWN OF KINGSTON

### I. Summary of Action

This is an action for declaratory relief to determine the scope of Plaintiff's rights to a right of way over land owned by Defendant, Town of Kingston.

### II. Parties

1.  Plaintiff, Pamela Slot ("Slot"), is an individual residing at 10 Braintree Avenue, Kingston, Massachusetts.

2.  Defendant, Town of Kingston ("Town"), is a municipality of the Commonwealth of Massachusetts with a principal place of business at 23 Green Street, Drawer E, Kingston, Massachusetts.

### III. Facts

3.  Slot owns the property located at 10 Braintree Avenue in Kingston ("Property"). The Property abuts Grays Beach Park ("Park"), owned by the Town, to the south.

4.  The Property is part of a older residential subdivision in which most if not all the lots enjoy a self contained driveway for the passage and parking of motor vehicles. However, the Property, a smaller corner lot abutting the Park, was originally laid out without

MCT/130499.1

a driveway. Instead, the Property enjoys an appurtenant, express right of way "of suitable width for the passage of motor vehicles" over a strip of the Park land abutting the Property's south boundary line ("ROW"). *See* deed dated April 17, 1937 from Remick and Delano, Executors, to the Town of Kingston, recorded at the Plymouth County Registry of Deeds in Book, 1724, Page 494, attached as Exhibit A and deed dated June 28, 1984 from Burian et al. to Slot, et al. (Book 5685/Page 26), attached as Exhibit B.

5. As shown by the instrument of conveyance (Ex. A), the ROW was reserved for the benefit of the Property (referenced as Lot No. 227, Block 11 on the Assessor's Plan) so as to provide for equivalent rights to that of a driveway, especially since there is no overnight parking allowed on the public ways abutting the Property, Braintree Avenue and Grays Beach Park Road. Since the creation of the ROW in 1937, Slot and her predecessors in title have had the benefit of the ROW for both vehicular access and egress and for daytime and overnight parking. Slot continues to enjoy those same rights, making use of the ROW for the same purpose in the same manner as her predecessors.

6. The Town is presently undertaking a project to improve and restore the Park. A component of the Project is the construction of two handicap parking spaces and a ramp on the land encumbered by the ROW. A plan showing the Town's proposed construction on the ROW is attached as Exhibit C. (The location of the handicap spaces are shown as "HC").

7. The Town's position is that the ROW does not give Slot the right to daytime and overnight parking on the ROW.

8. The planned restoration project for the Park will materially interfere with the use of the ROW by permanently blocking and interfering with vehicular access, egress and parking on the ROW by Slot.

9. For over ten months, since December 2002, Slot has attempted to resolve this dispute with the Town, and has made a reasonable settlement proposal, to no avail. To date, the Town has not even communicated to Slot whether it desires to resolve this matter.

10. Moreover, on or about October 20, 2003 – only three days after Slot's counsel wrote to request a meeting with the Board of Selectmen – the Town and/or its contractors, without any prior notice, demolished a wood shed located on the ROW, which was to be the location of Slot's substitute parking area under the proposed settlement, and was conducting other construction activities immediately near the ROW.

## IV.   Claims

### Count I—Declaratory Judgment

11. Slot repeats and realleges all prior allegations.

12. An actual controversy exists between the parties as to the scope of the ROW.

13. Slot is entitled to a declaratory judgment that the ROW includes the right to vehicular access and egress and for daytime and overnight parking, and that the Park project, as presently proposed, constitutes a material interference with Slot's rights in and to the ROW.

### Count II—Regulatory Taking

14. Slot repeats and realleges all prior allegations.

15. The Town's position that Slot has no right of daytime and overnight parking on the ROW deprives Slot of the full and complete beneficial use of her residential property in contravention of the United States Constitution and the Massachusetts Declaration of Rights.

16. As a result thereof, Slot is entitled to full and just compensation and damages, including interest and costs.

## V.   Jury Claim

17. The Plaintiff demands a trial by jury on all issues.

WHEREFORE, Slot prays that Judgment enter as follows:

1. As to Count I, that the Court enter a declaratory judgment pursuant to G.L. c. 231A, determining the scope of the ROW, and specifically determining that the ROW includes Slot's right to vehicular access and egress and for daytime and overnight parking, and that the Park project, as presently proposed, constitutes a material interference with Slot's rights in and to the ROW;

2. As to Count I, that the Court issue a preliminary and permanent injunction, enjoining and restraining the Town from any interference with Slot's right to vehicular access and egress and for daytime and overnight parking on the ROW, including but not limited to, any construction of handicap ramps and spaces or otherwise on the ROW;

3. As to Count II, that the Court enter judgment in Slot's favor for all of her damages, including interest, attorneys' fees and costs;

4. Any further relief as is equitable and just.

PAMELA SLOT
By her attorneys,

_____
James D. Masterman, Esq. #324000
Richard D. Vetstein, Esq. #637681
Masterman, Culbert & Tully LLP
One Lewis Wharf
Boston, MA 02110
(617) 227-8010

Dated: October 21, 2003

494 | 1724

named Mabel C. Murphy and acknowledged the foregoing instrument to be her free act and deed, before me-
    Joseph G. Schumb  Notary Public
    My commission expires Sept. 10, 1937.
Rec'd Apr. 24, 1937 at 11:30 A. M. & recorded.

---

Demmon
by Exrs.
to
Town of
Kingston

We, ERVIN D. REMICK and RUTH B. DELANO, Executors of the Will of MARCIA D. DEMMON, late of Boston, by the power conferred by Clause 10 of the Will of said Marcia D. Demmon, said Will being duly approved and allowed January 14, 1937 by the Probate Court for the County of Suffolk, Case No. 277739 and every other power, for THREE THOUSAND FIVE HUNDRED DOLLARS paid, grant to TOWN OF KINGSTON, Plymouth County, Massachusetts - A certain lot of land situate at Rocky Nook in said Kingston and bounded as follows: beginning at the most southerly corner thereof by the Old Colony Railroad and Cushman land; thence North 53° East 27 rods to the end of the wall; thence North 62° West 5¼ rods to a rock by the brook; thence North 21° West 11 1/3 rods; thence North 13° West 11 rods to a corner; the last three courses being on the seashore; thence South 69° West 37 rods and 22 links; thence South 55° West 4 rods to the Railroad; thence by the Railroad Southeasterly about 37½ rods to the first bounds, containing six and one-half acres besides the shore, more or less, and including all the seashore bounding thereon. Being the premises conveyed to Marcia Delano Demmon by deed of Joshua Delano dated September 16, 1905, and recorded in Plymouth Deeds, Book 933, pages 527, 528 and 529. Reserving however a Right of Way of suitable width for the passage of motor vehicles along the Northwest side of the granted land to the land adjoining, said adjoining land being shown on the Assessors Map of the Town of Kingston as lot No. 227, Block 11. WITNESS our hands and seals this 17th day of April, 1937.
    Ervin D. Remick   Seal
    Ruth B. Delano    Seal

COMMONWEALTH OF MASSACHUSETTS

Suffolk, ss. April 17, 1937. Then personally appeared the above named Ervin D. Remick & Ruth B. Delano and acknowledged the foregoing instrument to be their free act and deed, before me-
    Edwin R. Sparrow  Justice of the Peace.
    My com. expires Nov. 12, 1937.
Rec'd Apr. 24, 1937 at 11:30 A. M. & recorded.

---

Rockland
Tr. Co.
to
Colburn
et al

See
Bk.1491
Pg. 214

THE ROCKLAND TRUST COMPANY, of Rockland, Plymouth County, Massachusetts, holder of a mortgage from HOWARD W. COLBURN and EDITH W. COLBURN to said Rockland Trust Company dated September 9, 1925 recorded with Plymouth County Deeds, book 1491, page 214, acknowledges satisfaction of the same. IN WITNESS WHEREOF, the said Rockland Trust Company has caused its corporate seal to be hereto affixed and these presents to be signed in its name and behalf by James H. Hunt, its Treasurer, this first day of November A. D. 1934.
    ROCKLAND TRUST COMPANY
    by  Jas. H. Hunt  Treasurer
      Corporate Seal

COMMONWEALTH OF MASSACHUSETTS

Plymouth, ss. Rockland, November 1, 1934. Then personally appeared the above-named James H. Hunt, Treasurer, and acknowledged the foregoing instrument to be the free act and deed of the Rockland Trust Company, before me-
    Ellen F. Geogan  Notary Public
    My commission expires August 5, 1938.

BOOK 5685 PAGE 026

MASSACHUSETTS QUITCLAIM DEED LONG FORM (INDIVIDUAL) 19

Property Address: 10 Braintree Avenue, Kingston, MA 02360

We, PETER BURIAN and IRKA Z. BURIAN, husband and wife, as tenants by the entirety of 6 William Street, Belmont, Middlesex County, Massachusetts

for consideration of $59,900.00 Dollars

paid, grant to Lawrence Lee Slot and Pamela Slot, husband and wife, as tenants by the entirety, of 10 Braintree Avenue, Kingston, MA 02360

with **QUITCLAIM COVENANTS**

the land in Kingston, Plymouth County, Massachusetts, with the buildings thereon, being a certain lot on the seashore at Rocky Nook, so-called, being a portion of the lot shown on the Assessors' Plan of the Town of Kingston as Lot No. 227, Block 11, and bounded and described as follows:

Beginning at a bound set in the ground on said shore in the southeasterly line of said Lot No. 227, and running thence S 59°51'W (true bearing), by land of the Inhabitants of the Town of Kingston, one hundred nine and 65/100 (109.65) feet to a corner;

thence N 25°14'10"E forty-three and 16/100 (43.16) feet to a corner;
thence N 58°30'30"E one hundred nineteen and 36/100 (119.36) feet to a corner at the shore;
thence S 13°51'50"E forty-seven and 71/100 (47.71) feet to the point of beginning.

Together will all of our right, title and interest in and to the shore and flats which lie between the first and third described course prolonged northeasterly to low water mark.

There is also conveyed as appurtenant to the above-described premises a right to pass and re-pass on foot and with vehicles over a twenty-five foot strip lying southwesterly of and adjoining the above-described premises, said right to be used in common with others entitled thereto.

There is also conveyed as appurtenant to the above-described premises a right of way for the passage of motor vehicles of suitable width, along the northwesterly side of the land conveyed to the Town of Kingston by Irvin D. Remick and Ruth B. Delano, executors of the will of Marcia D. Demmon by deed dated April 17, 1937, recorded with Plymouth Deeds, Book 1724, Page 494, said right of way to be used in common with others lawfully entitled thereto.

The above-described premises are conveyed subject to the following restrictions: no building shall be erected thereon except one dwelling unit for one family with a garage appurtenant thereto.

Subject to taking by Town of Kingston regarding Braintree Avenue, dated April 9, 1968, recorded with Plymouth Registry of Deeds, Book 3435, Page 749.  See also Plan Book 14, Page 852.

Being the same premises conveyed to us by Peter Hollingworth and Michele I. Donnellan by deed dated December 30, 1982, recorded with said Deeds, Book 5271, Page 037.

BOOK 5685 PAGE 027



BOOK 5685 PAGE 028

Witness our hand s and seal s this 28Ith day of June 1984

*[signatures: Peter Burian, Irka Z. Burian]*

### The Commonwealth of Massachusetts

Suffolk ss.   June 28, 1984

Then personally appeared the above named Peter Burian & Irka Z. Burian and acknowledged the foregoing instrument to be their free act and deed, before me

*[signature]* Thomas J. Phillips
Notary Public

My commission expires March 10, 1990

JUN 28 1984 AT 12-1 2 PM AND RECORDED



COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS.
SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO. 03-1263B



PAMELA SLOT,

    Plaintiff,

v.

TOWN OF KINGSTON

    Defendant.

## PLAINTIFF'S MOTION
## FOR APPOINTMENT OF A SPECIAL PROCESS SERVER

Now comes the plaintiffs and pursuant to Rule 4(c) of the Massachusetts Rules of Civil Procedure, hereby move this Honorable Court for the appointment of J.C. Marchando, Boston, Suffolk County, Massachusetts as special process server in the above-captioned action. Upon information and belief, the person to be appointed process server is a constable experienced in the service of process, is 18 years of age or over and is not a party to this action.

                                      PAMELA SLOT
                                      By her attorneys,

                                      James D. Masterman, Esq. #324000
                                      Richard D. Vetstein, Esq. #637681
                                      Masterman, Culbert & Tully LLP
                                      One Lewis Wharf
                                      Boston, MA 02110
                                      (617) 227-8010

Dated: October 21, 2003

A TRUE COPY ATTEST

Frank R. Powers
CLERK

MCT/130530.1

Commonwealth of Massachusetts
County of Plymouth
The Superior Court

CIVIL DOCKET# PLCV2003-01243-B

RE: **Slot v Kingston**

TO: James D Masterman, Esquire
Masterman Culbert & Tully
1 Lewis Wharf
Boston, MA 02110

## TRACKING ORDER - A TRACK

You are hereby notified that this case is on the average (A) track as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 01/19/2004 |
| Response to the complaint filed (also see MRCP 12) | 03/19/2004 |
| All motions under MRCP 12, 19, and 20 filed | 03/19/2004 |
| All motions under MRCP 15 filed | 01/13/2005 |
| All discovery requests and depositions completed | 12/09/2005 |
| All motions under MRCP 56 filed and heard | 02/07/2006 |
| Final pre-trial conference held and firm trial date set | 06/07/2006 |
| Case disposed | 10/20/2006 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to session B sitting **in CtRm 1 (Court Street, Plymouth), Plymouth Superior Court.**

Dated: 10/21/2003

Francis R. Powers,
Clerk of Courts

BY:

Adam Baler
Assistant Clerk

Location: CtRm 1 (Court Street, Plymouth)
Telephone: (508) 747-6911

Check website for status of case: http://ma-trialcourts.org/tcic
cvdtraca_2.wpd 372091 inidoc01 dormanmi

[RECEIVED 2003 OCT 23 P 2: — TOWN OF KINGSTON stamp]