UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 2003-CV-12356NG

PAMELA SLOT,

        Plaintiff

v.

TOWN OF KINGSTON,

        Defendant

ANSWER AND COUNTERCLAIM

### I.  Summary of Action

To the extent the allegations set forth in the "Summary of Action" require a response, the same are denied by the defendant, Town of Kingston (the "Town").

### II.  Parties

1. The Town is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1.

2. Admitted.

### III.  Facts

3. The Town is without sufficient information as to whether the plaintiff is the owner of the property located at 10 Braintree Avenue in the Town of Kingston. The remaining allegations set forth in paragraph 3 are admitted.

4. The Town is without sufficient information to admit or deny the allegations set forth in paragraph 4, and calls upon the plaintiff to prove the same. Further answering, the Town states that the documents appended to the complaint as Exhibits A and B speak for themselves and that no further response to the averments set forth in this paragraph is required.

5. The Town denies the plaintiff's characterization of the rights conveyed in the documents appended to the complaint as Exhibits A and B, and calls upon the plaintiff to prove the same.

6. The Town admits that it is undertaking a project to improve its property, but denies the remaining allegations set forth in paragraph 6. Further answering, the Town states that the document appended to the complaint as Exhibit C is not an accurate depiction of the Town's project, and that no further response to the averments set forth in this paragraph is required.

7. Admitted.

8. Denied.

9. Denied.

10. The Town admits that it caused a wood shed located on its own property to be removed, but denies the plaintiff's characterization as to the timing of said activity. Further answering, the Town denies the remaining allegations set forth in paragraph 10.

### IV.    Claims

#### Count I – Declaratory Judgment

11. The Town restates and incorporates its answers to Paragraphs 1 through 10 above as if fully set forth herein.

12. Denied.

13. Denied.

#### Count II- Regulatory Taking

14. The Town restates and incorporates its answers to Paragraphs 1 through 13 above as if fully set forth herein.

15. Denied.

16. Denied.

## V.     Jury Claim

17.    Paragraph 17 requires no response by the Town.

### Defenses

#### FIRST DEFENSE

The complaint should be dismissed for lack of jurisdiction

#### SECOND DEFENSE

The complaint fails to state a claim upon which relief can be granted.

#### THIRD DEFENSE

The complaint should be dismissed for improper service of process.

#### FOURTH DEFENSE

The complaint should be dismissed for insufficiency of process.

#### FIFTH DEFENSE

The complaint should be dismissed for improper venue.

#### SIXTH DEFENSE

The plaintiff's claim is barred by laches.

#### SEVENTH DEFENSE

The plaintiff has failed to allege sufficient facts as to the existence of an actual, justiciable controversy between herself and the Town.

#### EIGHTH DEFENSE

The plaintiff lacks standing to pursue the claims set forth in the Complaint.

#### NINTH DEFENSE

The plaintiff's claims are not ripe for review by this Court.

## TENTH DEFENSE

Any injury or damages suffered by the plaintiff, to the extent actually incurred, were caused by reason of the plaintiff's own wrongful acts, reckless misconduct or negligence.

## ELEVENTH DEFENSE

Plaintiff's action is barred on the basis that plaintiff has an adequate state remedy.

## TWELFTH DEFENSE

The defendant denies that the plaintiff's interest in the subject property includes the right to maintain a parking area on the Property for the storage of motor vehicles.

## THIRTEENTH DEFENSE

The action filed by the plaintiff is frivolous, wholly insubstantial and not advanced in good faith, and defendant is entitled to recovery of all costs, expenses and attorney's fees associated with the defense of this action.

## JURY DEMAND

The defendant respectfully requests a trial by jury.

### Counterclaim

1. The defendant and plaintiff-in-counterclaim, the Town of Kingston (the "Town"), is a duly organized municipal corporation located in Plymouth County, Massachusetts.

2. The plaintiff and defendant-in-counterclaim, Pamela Slot ("Slot"), upon information and belief, is an individual with a last and usual place of abode at 10 Braintree Avenue, Kingston, Massachusetts.

3. By deed dated April 17, 1937, Ervin D. Remick and Ruth B. Delano (the "Grantors"), conveyed a certain lot of land to the Town situated at Rocky Nook in the Town of Kingston (the "Property"). Through said conveyance the Grantors reserved a right of way of suitable width for the passage of motor vehicles along the northwest side of the granted land to the land adjoining the land granted to the Town, being shown on the Assessors' Map of the Town of Kingston as Lot No. 227, block 13.

4. At all times relevant to this counter-claim, the Town has used the Property for public park purposes, and the right of way reserved by the grantors was improved by the Town and is identified as "Grey's Beach Road".

5. Upon information and belief, Slot resides at property located at 10 Braintree Avenue, that has access from Grey's Beach Road via the above-referenced right of way.

6. Slot has maintained a parking area for the storage of motor vehicles on the Property.

7. Slot uses the Property as a parking area to store motor vehicles.

8. The right of way reserved by the Grantors does not expressly include parking, and such use of the Property and right of way is not incidental to the passage of motor vehicles.

9. The Town has not authorized Slot to use the Property for parking.

## COUNT I
### (Declaratory Judgment)

10. The Town restates and incorporates by reference the allegations set forth in paragraphs 1 through 9 of the Counterclaim.

11. An actual controversy exists between the parties as to whether Slot has the authority to maintain a parking area on the Property for the storage of motor vehicles.

12. As park land, the Property is protected by Article 97 of the Massachusetts Declaration of Rights.

13. Slot's use of the Property for parking motor vehicles is not for park land purposes.

14. The Town is entitled to a declaratory judgment declaring that Slot does not have the authority to maintain a parking area on the Property for the storage of motor vehicles.

15. The Town is entitled to a declaratory judgment declaring that, pursuant to the Amendments to the Massachusetts Constitution ("Article 97"), the Property may only be used for park purposes.

WHEREFORE, the Town demands judgment against Slot as set forth in its Prayers for Relief below.

## COUNT II
## (Trespass)

16. The Town restates and incorporates by reference the allegations set forth in paragraphs 1 through 15 of the Counterclaim.

17. The Town is the owner of the Property and is in possession thereof.

18. The actions of Slot using the Property to park motor vehicles was not authorized by the Town or the right of way reserved by the Grantors, and have adversely affected the Town's right to unfettered use and enjoyment of the Property.

WHEREFORE, the Town demands judgment against Slot as set forth in its Prayers for Relief below.

**Prayers for Relief**

WHEREFORE, the Town respectfully requests that this Honorable Court:

A. Issue a declaration that the plaintiff and defendant-in-counterclaim does not have

the authority to maintain a parking area on the Property for the storage of motor vehicles.

B.     Issue a declaration that, pursuant to the Amendments to the Massachusetts Constitution ("Article 97"), the Property may only be used for park purposes.

C.     Issue a Permanent Injunction enjoining the plaintiff and defendant-in-counterclaim, Pamela Slot, from maintaining a parking area on the Property for the storage of motor vehicles.

D.     Award the Town damages, plus interest and costs, for Slot's continuous trespass on the Property;

E.     Award the Town its reasonable attorneys' fees and costs associated with this action; and

F.     Grant such further relief as the Court may deem just and appropriate.

DEFENDANT and
PLAINTIFF-IN-COUNTERCLAIM,
TOWN OF KINGSTON,

By its attorneys,

Joseph L. Tehan, Jr. (BBO# 494020)
Gregg J. Corbo (BBO #641459)
Kopelman and Paige, P.C.
Town Counsel
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

207311/king/0164

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on 11/25/03